UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES JAY BAUM,

    Plaintiff,

                                       Case No. 2:05-cv-89

v.                                      HON. ROBERT HOLMES BELL

ANTHONY IMMEL, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff James Jay Baum, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants A. L. Immel, Denise Cole and Unknown Deatrick, all of whom were employed by the MDOC at (AMF) during the pertinent time period.

        Plaintiff alleges in his complaint that defendants denied him access to the courts to appeal his criminal conviction. Plaintiff complains that he was unable to challenge his conviction in the Michigan state courts and federal courts and is now procedurally barred from further challenges. Plaintiff complains that all his legal files, documents, transcripts and law books were confiscated and destroyed by defendants.

        Presently before the Court is defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff alleged that defendant Deatrick on August 13, 1998, required plaintiff to pack all of his legal documents into a bag. On August 14, 1998, defendant Immel, after conducting an administrative hearing, ordered plaintiff's legal property destroyed within 30 days unless he purchased a legal footlocker. Plaintiff claims that he needed his legal property immediately, had no money to purchase a footlocker, and was not allowed to have one since he was confined in segregation. Plaintiff alleged that he grieved the matter. He received a Step II response on September 16, 1998, informing him that his grievance was denied. Plaintiff then filed a motion with the Michigan Supreme Court on September 25, 1998, which was denied on September 30, 1998. Plaintiff alleges that he ultimately received a response to his Step III grievance on February 16, 1999.

Plaintiff asserts that he was forced to rely on the *Cain v. MDOC* lawsuit for relief, which failed to provide plaintiff the relief that he expected. Plaintiff then filed a lawsuit in federal court on September 14, 2004, asserting his access to the courts claims. Plaintiff was denied relief without prejudice for failure to show exhaustion of grievance remedies against all the defendants. Plaintiff then filed another round of grievances starting on December 10, 2004, and ending February 28, 2005. Plaintiff filed this lawsuit on April 15, 2005.

Defendants argue that the complaint is barred by the statute of limitations period. Federal courts apply state personal injury statutes of limitations to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Although state tolling provisions must be applied to § 1983 suits brought by prisoners, *Hardin v. Straub*, 490 U.S. 536, 109 S. Ct. 1998 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990), *cert. denied*, 498 U.S. 903 (1990), it does not appear that Michigan's tolling provision for imprisoned persons provides plaintiff any additional benefit in this case. *See* MICH. COMP. LAWS § 600.5851(9).

Plaintiff alleges that his property was confiscated and a decision was made regarding the confiscation on August 14, 1998. Plaintiff filed grievances which did toll the statute of limitations period until the grievance process was completed on February 16, 1999. Plaintiff had three years from that date to file a 42 U.S.C. § 1983 action in federal court unless he could show some other action which tolled the limitations period.

Plaintiff argues that his claims were tolled during the pendency of the *Cain* case. However, plaintiff has not shown that his claims against the named defendants were actually pending in the *Cain* case. Defendants have shown that the court in *Cain* dismissed without prejudice all 42 U.S.C. § 1983 claims in 1996. See, exhibit C attached to Defendant's supplemental brief, docket #42. Moreover, the settlement agreement reached in *Cain* did not revive stale claims, or affect federal causes of action in any manner. *Id.* at exhibit A. In the opinion of the undersigned, the statute of limitations for this cause of action expired, at the latest, on February 16, 2002. Any actions that plaintiff took after that date failed to revive claims that were barred on that date.

Plaintiff has filed a motion for immediate consideration asserting in general that defendants and their co-workers have taken retaliatory actions against plaintiff because he has filed lawsuits. Plaintiff's request is construed as a motion for injunctive relief. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).

These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff asserts that his typewriter was confiscated, he was issued a fabricated misconduct report, and was denied a Kosher diet. Plaintiff has not satisfied his burden of showing a substantial likelihood of success on the merits of this action or on the merits of these new claims. Moreover, plaintiff's request for injunctive relief is entirely unrelated to the merits of this lawsuit and involve separate unrelated claims. See *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.") Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary

relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Accordingly, it is recommended that defendants' motion to dismiss (docket # 26) be granted, dismissing this complaint.  Further, it is recommended that plaintiff's motion for immediate consideration (docket #32) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion to dismiss, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $255 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   February 8, 2006